UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TRIGINAL D. JACKSON**,

 Plaintiff,

v.                    **CIVIL NO. 09-351 MCA/DJS**

**NEW MEXICO PUBLIC DEFENDER OFFICE,
PATTI BRUMMETT, 3 UNKNOWN PUBLIC
DEFENDERS,**

 Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is a *pro se* action brought pursuant to 42 U.S.C. §1983. Plaintiff seeks *in forma pauperis* status (Docket No. 2) and the Court will therefore conduct a *sua sponte* review of the complaint pursuant to 28 U.S.C. §1915(e)(2).

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. §1915(e)(2)(B) if the Court determines that the action is frivolous or malicious or that the action fails to state a claim upon which relief may be granted. The Court may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing a *pro se* plaintiff's complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is at the same time mindful that the complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff asserts that Defendant Patti Brummetti, an Attorney Supervisor with the New

Mexico Public Defender's Office in Albuquerque, New Mexico allows attorneys she supervises to represent him despite his desire to conduct his own defense. Defendant further contends that any time he appears in court a state-appointed public defender represents him despite his desire to appear *pro se*. Plaintiff notes that he brought another action against Ms. Brummetti, styled Jackson v. Brummett, *et al.*, 08-Cv-1091 PJK/LFG, which was dismissed and asserts that this cause of action is the same at the one asserted in that case, with the exception that this action is brought against a new defendant.[1] Plaintiff seeks $3.5 million dollars in damages and an apology for calling him "incompetent" in print.

To establish a cause of action under §1983, a plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The Supreme Court has held that public defenders performing traditional functions of defense counsel in a criminal proceeding do not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 325 (1981). In addition, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of §1983." Briscoe v. LaHue, 460 U.S. 325, 329 n.6 (1983). To the extent Plaintiff asserts claims against the New Mexico Public Defender Office, those claims are also subject to dismissal because they are based upon *respondeat superior* liability, which is not recognized under §1983. Polk County, 454 U.S. at 325. Additionally, the New Mexico Public Defender Office, as an arm of the state, would have Eleventh Amendment immunity and would not

---

[1] The Court notes that 08-Cv-1091 was dismissed with prejudice pursuant to 28 U.S.C. §1915(e) for failing to state a claim upon which relief might be granted and that the dismissal was affirmed on appeal. Jackson v. Brummett, Slip Copy, 2009 WL 294356 (10th Cir., February 09, 2009) (Unpublished Disposition).

be considered a "person" under §1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).

To the extent that Plaintiff's complaint could be considered to raise claims pursuant to state law, they should be dismissed without prejudice. Bauchman ex rel. Bauchman v. West High Sch., 132 F.3d 542, 549 (10th Cir.1997) ("If federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (quotation omitted).

Apart from Plaintiff's allegation that the instant action involves a new Defendant, this case appears to be essentially identical to his previous complaint against the New Mexico Public Defender's office. Given that any new Defendant would have to be one of the "3 unknown public defenders" referred to in the complaint, this action is barred under the doctrine of *res judicata*. See Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255, 1257 (10th Cir.1997) (explaining that *res judicata* applies when: (1) the prior action has been finally adjudicated on the merits; (2) the parties are identical or in privity; (3) the suit is based on the same cause of action; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior action).[2]

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed *sua sponte* for failure to state a claim upon which relief can be granted.

---

[2]Plaintiff is warned that filing multiple actions or pleading involving the same or similar allegations which have been dismissed can lead to restrictions on his ability to file federal lawsuits. See Andrew v. Heaton, 483 F.3d 1070, 1077 (10th Cir. 2007) (describing filing restrictions and noting Federal courts' inherent power to impose such restrictions).

SO ORDERED this 15th day of April, 2009.

_____
**M. CHRISTINA ARMIJO**
**United States District Judge**